IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARVIN WASHINGTON § | | |
|     TDCJ-CID #115256 § | | |
| V. § | | C.A. NO. C-05-011 |
| § | | |
| JOHN DOES § | | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS FOR
FAILURE TO PROSECUTE AND TO ADHERE TO COURT ORDERS**

Plaintiff, a Texas state prisoner proceeding *pro se*, filed this civil rights action on January 6, 2005, alleging that he was brutally attacked by three unidentified inmates on September 19, 2003, while at the Garza West Transfer Facility in Beeville, Texas. (D.E. 1). Following the attack, plaintiff was airlifted to a hospital in Corpus Christi and diagnosed with a fractured skull. Id. Plaintiff claims that, since the attack, he has continued to suffer from memory loss, headaches, dizziness, and poor balance. Id.

Plaintiff requested copies of the incident report regarding the assault from the TDCJ-CID, as well as from the Texas Open Records Office, but his requests were not processed. On March 25, 2005, the Court ordered the Texas Attorney General's Office to submit a copy of the September 19, 2003 incident report as well as any other documentation concerning the events complained of by plaintiff, and to serve a copy of all documentation on plaintiff. (D.E. 9). The order provided further that plaintiff was to file an amended complaint within thirty days of his receipt of the

incident report to "specifically name[] the persons whom he seeks to hold liable for the attack and/or injuries, and under what theory of liability." Id.

On April 25, 2005, the Texas Attorney General filed a response, including a copy of the TDCJ Inspector General's report concerning the September 19, 2003 attack on plaintiff (assigned case no. 03-1824). (D.E. 10, Ex. C). The certificate of service indicates that, on April 25, 2005, a copy of the response and incident report was mailed to plaintiff at his last known address, the Powledge Unit in Palestine, Texas. To this date, plaintiff has failed to file an amended complaint.

On October 6, 2005, an order to show cause was issued requiring plaintiff to file his amended complaint within twenty days. Plaintiff failed to respond to that order. Instead, he mailed a letter to the Court that was filed on October 13, 2005. (D.E. 13). He indicated that he "ha[s] not heard from anyone regarding this matter." Id.

On October, 21, 2005, a second order to show cause was issued requiring plaintiff to file his amended complaint within twenty days. The clerk also sent the order regarding the incident report, (D.E. 9); the response to order, (D.E. 10); supplemental response to order to show cause, (D.E. 11); and the first order to show cause, (D.E. 12). To this date, plaintiff has failed to respond to the second order to show cause.

It is well established that an action may be dismissed if the plaintiff fails to prosecute it or to comply with any order of court. Fed. R. Civ. P. 41(b); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (district court has authority to dismiss an action for failure to prosecute or comply with a court order); Long v. Simmons, 77 F.3d 878, 879 (5th Cir. 1996) ("A district court may dismiss an action *sua sponte* under Fed. R. Civ. P. 41(b) for failure to comply with a court order."). "'The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962)); accord Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992).

The Fifth Circuit has determined that dismissal for failure to identify unnamed defendants may be appropriate. Colle v. Brazos County, Tex., 981 F.2d 237, 242-43 (5th Cir. 1993). In Colle, the plaintiffs failed to identify or name the unnamed sheriff's employees for a period of three years. Id. at 243. Consequently, the Fifth Circuit found that it was not an abuse of discretion to dismiss the unnamed defendants. Id. Here, plaintiff has ignored three court orders requiring him to specifically name the defendants and identify the claims.

Accordingly, it is respectfully recommended that plaintiff's action be dismissed pursuant to Rule 41(b) for failure to prosecute and for failure to comply with court orders.

ORDERED this 17th day of November 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).