IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARVIN WASHINGTON         § | | |
|     TDCJ-CID #1152569     § | | |
| v.                                                    § | | C.A. NO. C-05-011 |
|                                § | | |
| TEXAS DEP'T OF CRIMINAL JUSTICE, ET AL. § | | |

## ORDER

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Pending is defendants' amended motion for a Rule 7(a) reply. (D.E. 51).[1] Plaintiff has responded to this motion. (D.E. 49).

## BACKGROUND

Defendants have also filed a motion to dismiss, arguing that plaintiff failed to exhaust his administrative remedies. (D.E. 38). The critical issue is whether plaintiff did indeed exhaust his administrative remedies, and if he failed to do so is there a valid basis supported by case law that allows him to proceed with his action. Plaintiff seeks to take a few depositions as it relates to defendants' motion.

Plaintiff filed an unopposed motion seeking extension of his time to respond to the motion to dismiss, in part so he could engage in discovery. (D.E. 40, at 1-2). The motion for an extension of time was granted. (D.E. 41). Furthermore, prior to filing this motion, plaintiff also informed defendants of his desire to engage in discovery. (D.E. 43, at Ex. B). Nonetheless, defendants did not oppose this motion. (D.E. 40, at 3). However, they did file a motion for a protective order seeking to prevent plaintiff from engaging in any discovery after plaintiff's unopposed motion was

---

[1] Defendants also filed a motion for a Rule 7(a) reply. (D.E. 48).

granted.  (D.E. 42).  That motion was denied.  (D.E. 47).

## DISCUSSION

Defendants' pending motion appears to be another attempt to prevent plaintiff from taking some depositions in this case.  For example, they argue that "[i]f Defendants are required to give their depositions at this early stage, they are being required to prematurely engage in discovery before the Court has ruled upon their entitlement to immunity from suit, which includes such incidents to suit as discovery."  (D.E. 51, at 5).  Interestingly, defendants have not filed a motion to dismiss based upon an assertion that they are entitled to qualified immunity.

The Fifth Circuit has held that qualified immunity does not protect government officials from all discovery, but instead only from discovery that is avoidable or overly broad.  Wicks v. Miss. State Employment Servs., 41 F.3d 991, 994 (5th 1995); Lion Boulos v. Wilson, 834 F.2d 504, 507 (5th Cir. 1987).  The Fifth Circuit further explained that

> [D]iscovery permitted before a ruling on a defendant's motion to dismiss does not encroach upon his qualified immunity claim.  Discovery orders entered when the defendant's immunity claim turns at least partially on a factual question; when the district court is unable to rule on the immunity defense without further clarification of the facts; and which are narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable nor overly broad.

Lion Boulos, 834 F.2d at 507-08.  Here, not only have defendants not filed a motion to dismiss based upon qualified immunity, but the discovery sought appears to hinge on the facts as contemplated by Lion Boulos.  As the Supreme Court explained in discussing discovery where there are claims of qualified immunity, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."  Crawford-El v. Britton, 523 U.S. 574, 598 (1998).  Indeed, a "court may at first permit the plaintiff to take only a focused deposition of the defendant before allowing any additional discovery."  Id. at 599 (citing Martin v. D.C.

Metro. Police Dep't, 812 F.2d 1425, 1437 (D.C. Cir. 1987) (opinion of R.B. Ginsburg, J.)).

Defendants cite Schultea v. Wood, 47 F.3d 1427 (th Cir. 1987) (en banc) and Todd v. Hawk, 72 F.3d 443 (5th Cir. 1995) (per curiam). (D.E. 51, at 2). They argue that "the Fifth Circuit adopted a two step analysis involving Federal Rules of Civil Procedure 7 and 8, to protect public officials from insubstantial suits." Id. The first step is that "a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone." Todd, 72 F.3d at 445.

In his amended complaint, plaintiff details the allegations against defendants. (D.E. 27, at ¶¶ 11-15). In particular, he asserts

> On September 18 and 19, 2003, Plaintiff was incarcerated at the Garza West Unit of the Texas Department of Criminal Justice in Bee County, Texas. Plaintiff was under the control, oversight and supervision of the Texas Department of Criminal Justice and its various agents, representatives and/or employees. In particular, Defendants Villarreal, Robertson and Menchaca were in control of the subject area and overseeing and supervising the area where the attack upon Plaintiff occurred. Defendant Carillo was further involved in the control of the subject area and supervising the area where the attack upon Plaintiff occurred and Defendant Carillo was involved in the handling and oversight of the crime scene. Defendant Michael Davis had oversight, control and supervision of the entire situation and event. Upon information and belief, on either September 18 or 19, 2003, Plaintiff was involved in an altercation with another prisoner/assailant at the Garza West Unit of the Texas Department of Criminal Justice. Plaintiff was the victim of a vicious attack by said prisoner/assailant under the supervision, control and oversight of the Garza West Unit of the Texas Department of Criminal Justice. Plaintiff suffered serious life threatening injuries including bodily harm and damage, and a fractured skull, and was airlifted to a hospital for treatment. A "Seriously/Critically Ill Notification Report" was prepared by the Texas Department of Criminal Justice representatives.

Id. at ¶ 12. This paragraph provides specific allegations against defendants. Moreover, the amended complaint asserts claims under the Eighth Amendment for deliberate indifference and

failure to protect.  Id. at ¶¶ 18-19.  Plaintiff has complied with the requirements of Rule 8.

Citing Todd and Schultea, defendants argue that the second step is "a court should insist that the plaintiff file a reply overcoming the qualified immunity, pursuant to Federal Rule of Civil Procedure 7."  (D.E. 51, at 2) (emphasis added).  However, defendants overstate the Fifth Circuit's position.  Indeed, it explained that a "court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity."  Todd, 72 F.3d at 445 (emphasis added); see also Schultea, 47 F.3d at 1433 (affording courts discretion).  Rule 7 also affords courts discretion as to when to require reply to an answer.  Fed. R. Civ. P. 7(a).

The "specific, concrete facts and dates" that defendants argue they need, (D.E. 51, at 5), were addressed in plaintiff's complaint.  Moreover, additional information addressing their concerns is available in documents filed by the Attorney General in this case.  (D.E. 10, Ex. B, at 4-6, Ex. C).  It does not appear that a Rule 7(a) reply is necessary.[2]

---

[2] Of course, defendants may engage in limited discovery as well seeking any additional answers they believe are lacking.  For example, nothing prevents them from serving plaintiff with interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

Accordingly, defendants' motion for a Rule 7(a) reply, (D.E. 48), is DENIED as moot. Defendants' amended motion for a Rule 7(a) reply, (D.E. 51), is DENIED. Plaintiff may take the limited depositions that he has already noticed limited to the issues of his exhaustion of administrative remedies and the defense of qualified immunity.

ORDERED this 29th day of June 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE