IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARVIN WASHINGTON, JR. § | | |
| TDCJ-CID #1152569 § | | |
| v. § | | C.A. NO. C-05-011 |
| § | | |
| TEXAS DEPARTMENT OF § | | |
| CRIMINAL JUSTICE, ET AL. § | | |

**MEMORANDUM AND RECOMMENDATION
DENYING DEFENDANTS' MOTION TO DISMISS**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is defendants' motion to dismiss plaintiff's action for failure to exhaust administrative remedies. (D.E. 38). Plaintiff has filed a response in opposition. (D.E. 54). For the reasons stated herein, it is respectfully recommended that defendants' motion be denied without prejudice and that the action be stayed so that plaintiff may exhaust his administrative remedies.

**I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II. BACKGROUND FACTS AND PROCEEDINGS**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"). This lawsuit was initiated on January 6, 2005 based on a letter that plaintiff sent to the Deputy Clerk. (D.E. 1). In his letter, he

alleged that on September 19, 2003, he was brutally attacked by three inmates at the Garza West Transfer Facility in Beeville, Texas. Id. at 1. As a result of the assault, plaintiff suffered a fractured skull. Id. He was airlifted, unconscious, to Spohn Hospital in Corpus Christi, where he remained in the ICU for a few days, and was then admitted for further testing, therapy, and care. Id.; (D.E. 10, Ex B., at 5). Eventually, he was transferred to a TDCJ medical facility where he received 24-hour medical care. (D.E. 1, at 1). Finally, he was returned to a prison unit, but he continues to be seen at John Sealy Hospital routinely for follow-up care. Id. at 1-2. He continues to suffer from headaches, dizziness, and loss of memory. Id. at 2. He must use a walker to ambulate, and to help him maintain his balance. Id.

On December 16, 2005, he was appointed counsel. (D.E. 22). On February 17, 2006, plaintiff filed an amended complaint, and named as defendants the TDCJ, and individuals Michael Davis, Mary Carrillo, Michael Villarreal, Elizabeth Robertson, and Michelle Menchaca. (D.E. 27). In particular, plaintiff claims that, at the time of the attack, each of the individual defendants was responsible for supervising, or exercising some type of control over the area in which the assault occurred. Id. at 2-3. They knew a substantial risk of harm existed and failed to protect him from that risk, in deliberate indifference to his health and safety, resulting in his sustaining serious injuries. Id. at 4.

Defendants were served, (D.E. 28), and on April 3, 2006, filed their answer, (D.E. 35), and motion to dismiss, (D.E. 34).

### III. DISCUSSION

A.  **Failure to Exhaust Administrative Remedies**

Defendants move to dismiss plaintiff's claims for failure to exhaust administrative remedies, arguing that he failed to file a Step 1 or a Step 2 grievance complaining about the alleged assault, or in any other manner attempted to exhaust his administrative remedies. (D.E. 34).

Section 1997e(a) of Title 42 provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Known as the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), § 1997e(a) applies to *all* inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328, 330-31 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir.

2001).  Administrative remedies are to be exhausted before the filing of a § 1983 suit, rather than while the action is pending.  Wendell v. Asher 162 F.3d 887, 890 (5th Cir. 1998).

The Supreme Court recently examined the PLRA's exhaustion requirement and found that a prisoner must exhaust all steps in the state administrative grievance process, and do so properly, before filing suit in federal court. Woodford v. Ngo, 548 U.S. __, 126 S. Ct. 2378, 2387 (2006).  First, the Supreme Court examined exhaustion in administrative law, stating:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims.  Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." ... Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Id. at 2385-86 (italics in original).  Next, the Court addressed the exhaustion principles related to habeas petitions:

> The law of habeas corpus has rules that are substantively similar to those described above.  The habeas statute generally requires a state prisoner to exhaust state

> remedies before filing a habeas petition in federal court....
> In practical terms, the law of habeas, like administrative
> law, requires proper exhaustion, and we have described
> this feature of habeas law as follows: "To ... 'protect the
> integrity' of the federal exhaustion rule, we ask not only
> whether a prisoner has exhausted his state remedies, but
> also whether he has properly exhausted those
> remedies...."

Id. at 2386-87 (citations omitted).  The Court applied these principles to the PLRA, holding "[w]ith this background in mind, we are persuaded that the PLRA exhaustion requirement requires proper exhaustion."  Id. at 2387.

    The TDCJ currently provides a two-step procedure for presenting administrative grievances.  Step 1 requires the prisoner to submit an administrative grievance at the institutional level.  Wendell, 162 F.3d at 891 (citing TDCJ Admin. Directive No. AD-3.82 (rev. 1), Policy ¶ IV (Jan. 31, 1997)).  After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator.  Id.  Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Institutional Division of the TDCJ.  Id.  After an investigation, the departmental grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 2 of the process, which is the director, deputy director, regional director, or assistant director.  Id.

The grievance procedure takes approximately 90 days to exhaust.  Id. Prisoners are allowed 15 calender days to file a Step 1 grievance.  Id. (citing TDCJ Admin. Directive No. AD-3.82 (rev. 1), Policy ¶ VI (Jan. 31, 1997)).  The response to the Step 1 grievance is due within forty days after receipt of the grievance.  Id. The prisoner then has 10 days to submit an appeal.  Id.  The response to the Step 2 grievance is due within forty days after receipt of the prisoner's appeal.  Id.  The TDCJ Inmate Grievance System provides that, if an inmate does not receive a written decision by the 180th day after the grievance is filed, he may proceed with his other state or federal court remedies.  Tex. Gov't Code § 501.008(d)(2).

In support of their motion to dismiss, defendants offer the affidavit of Gwen Stanford, TDCJ Assistant Administrator of Offender Grievances, who testifies that she has reviewed plaintiff's grievances records from August 1999 through the present, and has found no grievances related to the claims raised in this lawsuit. See (D.E. 34, Ex. A).  In his response, plaintiff admits that he did not exhaust his administrative remedies, but argues that he was physically unable to do so, such that exhaustion should be excused in his situation.  (D.E. 54).

The primary purpose of the exhaustion requirement is to eliminate unwarranted federal court interference and to afford prison officials with the time and opportunity to address complaints eternally.  Woodford, 126 S. Ct. at 2387-88;

see also Johnson v. Johnson, 385 F.3d 503, 516 (5th Cir. 2004). Although the Fifth Circuit has taken a "strict approach" to the exhaustion requirement, it "'may be subject to certain defenses such as waiver, estoppel, or equitable tolling.'" Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam) (quoting Wendell, 162 F.3d at 890). Indeed, the Fifth Circuit explained that "by addressing the merits of an allegation that one's blindness could prevent one from exhausting administrative remedies, this Court implicitly (at least) indicated that one's personal inability to access the grievance system could render the system unavailable." Id. at 867 (discussing Ferrington v. Louisiana Dep't of Corr., 315 F.3d 529 (5th Cir. 2002)).

In Days, the plaintiff slipped and fell in the prison dining hall, breaking his right hand. Id. at 864. Once his hand healed, he filed a Step 1 grievance, but it was rejected as untimely, so he filed suit in federal court. Id. at 866. The district court dismissed his case without prejudice for failure to exhaust. Id. Days then filed a step 1 grievance that was returned unprocessed as untimely, as was his step 2 grievance. Id.

On appeal, Days argued that he had exhausted all of the administrative remedies *available* to him. Id. at 867. He claimed that, once his broken hand had healed, he attempted to exhaust his administrative remedies, but his Step 1

7

grievance was returned unprocessed as untimely.  Id.  In finding that Days had, in fact, exhausted the remedies available to him, the Fifth Circuit explained that:

> The facts as alleged by Days indicate that his injury actually prevented him from timely filing a grievance and that his untimely grievance was returned unprocessed. Under these circumstances, we conclude that Days sufficiently alleged that, prior to filing the instant § 1983 suit, he exhausted the administrative remedies that were personally available to him.

Id.  Indeed, the Fifth Circuit anticipated the Supreme Court's reasoning in Woodford:

> We, of course, do not hold that an untimely grievance in and of itself would render the system unavailable, thus excusing the exhaustion requirement.  Such a holding would allow inmates to file suit in federal court despite intentionally evading the PLRA's exhaustion requirement by failing to comply with the prison grievance system.

Id. (citations omitted).  It continued by explaining the holding was a narrow one:

> We emphasize that our holding is limited to the narrow facts of this case.  More specifically, administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance.

Id. at 868.

In Woodford, the plaintiff was required to file an administrative grievance within fifteen days, but did not file his grievance until six months after the

restriction he was challenging. See 126 S. Ct. at 2383-84. Here, it is uncontested that plaintiff did not attempt to exhaust his administrative remedies.

The Fifth Circuit has held that an inmate who asserted that he did not exhaust his administrative remedies because he was in a coma failed to exhaust. See Parker v. Adjetey, 89 Fed. Appx. 886, 888 (5th Cir. Feb. 20, 2004) (per curiam) (unpublished); see also Ferrington, 315 F.3d at 532 (finding that blindness did not excuse the plaintiff from exhausting administrative remedies). In Parker, by the time that plaintiff was released from the hospital, the fifteen day period to file a Step 1 grievance had passed. 89 Fed. Appx. at 887. Moreover, the Fifth Circuit distinguished Days, explaining that the plaintiff never even attempted to exhaust his administrative remedies. Id. at 887-88.

In light of Woodford, Days, and Parker, it is clear that plaintiff must exhaust his administrative remedies. However, he has submitted medical records demonstrating that he was in the hospital from September 19, 2003 through December 15, 2003. (D.E. 54, Ex. A). Thus, during the fifteen days which he could have timely filed a Step 1 grievance, the administrative grievance system was unavailable to him because he was in intensive care in a hospital. Moreover, plaintiff has testified that he suffered memory loss and speech problems as a result of the assault. (D.E. 1).

On October 4, 2004, plaintiff's spouse, Delma Washington, wrote to the TDCJ, requesting information about the September 19, 2003 assault. (D.E. 54, Ex. B). Eventually, it was necessary for this Court to order the TDCJ to produce a copy of the September 19, 2003 incident report to plaintiff, as his efforts to obtain one on his own had not been successful. (D.E. 9.) An administrative remedy is not available pursuant to § 1997e if prison officials prevent a prisoner from utilizing it. See, e.g., Aceves v. Swanson, 75 Fed. Appx. 295, 296 (5th Cir. Sept. 17, 2003) (per curiam) (unpublished) (holding that administrative remedies were unavailable when prison authorities refuse or fail to give an inmate the appropriate grievance forms); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (inmate lacked administrative remedies where he was unable to file a grievance after prison officials refused to provide him with the necessary forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (administrative remedy is unavailable where prison officials prevent inmate from utilizing such remedies).

Furthermore, when plaintiff's action was docketed, he had not even filed a formal complaint. Instead, he simply wrote a letter to the deputy clerk seeking her help. (D.E. 1, at 1). He explained that he had attempted to contact attorneys, but none would consider representing him without a copy of the TDCJ incident report. Id. at 2. Both he and his wife had contacted Leah Lee, an assistant in the Open

Records Section of the Office of the Inspector General, by telephone and in writing about obtaining a copy of this incident report, but they never received it.  Id.; see also (D.E. 54, Ex. B) (October 14, 2004 letter declining Ms. Washington's information request pursuant to Texas Government Code § 552.028).

In light of the fact that plaintiff's original complaint was not an attempt to file an action, but was simply a plea for help coupled with the debilitating nature of his injuries, defendants' motion to dismiss for failure to exhaust seems premature. Indeed, their affirmative defense may be subjected to plaintiff's own defense of equitable tolling.  Days, 322 F.3d at 866 (quoting Wendell, 162 F.3d at 890).

District courts typically have authority to issue a stay.  Rhines v. Weber, 544 U.S. 269, 276 (2005) (citations omitted).  In addressing the Antiterrorism and Effective Death Penalty Act of 1996, the Supreme Court determined that the statute does not bar district courts from issuing stays.  Id.  It cautioned that stays should only be used in limited circumstances.  Id. at 277.

The Fifth Circuit has determined that an inmate's civil rights action may be stayed in order to ensure that administrative remedies are exhausted.  See Jackson v. Cain, 864 F.2d 1235, 1242-43 (5th Cir. 1989).  Although district courts have discretionary power to stay pending actions, an order staying an action must not be immoderate or of indefinite duration.  Wedgeworth v. Fibreboard Corp., 706 F.2d

541, 544-45 (5th Cir. 1983); McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir. 1982). As the TDCJ grievance process typically takes about ninety days, Wendell, 162 F.3d at 891, it is respectfully recommended that this action be stayed for ninety days to allow plaintiff time to exhaust his administrative remedies.

## VI.  CONCLUSION

For the above-stated reasons, it is respectfully recommended that defendants' motion to dismiss for failure to exhaust administrative remedies, (D.E. 34), be denied without prejudice. Moreover, it is respectfully recommended that this action be stayed for ninety days to allow plaintiff to exhaust his administrative remedies.

Respectfully submitted this 6th day of September 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).