IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARVIN WASHINGTON, JR., § | |
| § | |
| Plaintiff, § | |
| V. § | C.A. NO. C-05-11 |
| § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, et al. § | |
| § | |
| Defendants. § | |

**ORDER DECLINING TO ADOPT MEMORANDUM AND
RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS**

Pending before the Court is Defendants' Motion to Dismiss, filed by Defendants Mary Carrillo, Michael Davis, Michelle Menchaca and Elizabeth Robertson.[1] In their motion, Defendants seek to dismiss Plaintiff's civil rights action for failure to exhaust administrative remedies. (D.E. 38). Plaintiff filed a response in opposition. (D.E. 54). On September 6, 2006, United States Magistrate Judge Brian Owsley issued a Memorandum and Recommendation recommending that the Motion for Summary Judgment be denied without prejudice, and further recommending that the action be stayed so that Plaintiff could exhaust his administrative remedies. (D.E. 56).

On September 20, 2006, Defendants filed objections to the Magistrate Judge's report with this Court. Plaintiff filed a reply to the objections, in which he argues that the objections are not timely

---

[1] In addition to these four defendants, there were two other defendants named in Plaintiff's Amended Complaint. (D.E. 27). The first, Texas Department of Criminal Justice ("TDCJ"), is an instrumentality of the State of Texas and is immune from Plaintiff's suit. Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998), cert. denied, 528 U.S. 851 (1999) ("The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983."). Accordingly, service of the Complaint upon TDCJ was never ordered. The other defendant, Michael Villarreal, was never properly served. The Texas Attorney General's Office was unable to accept service on his behalf because they could not contact him. (Although a current employee, he is on a leave of absence serving in the military in Iraq.) In any event, the Court's finding that Plaintiff failed to properly exhaust his administrative remedies would bar his claim against Villarreal, as well as the other defendants.

and that he did not receive notice of the objections except by the Court's electronic notice. (D.E. 59). Defendants responded to Plaintiff's reply on September 25, 2006 (D.E. 60), and this Court has considered all of the parties' filings.

Having reviewed the findings of fact and conclusions of law in the Memorandum and Recommendation, as well as the pleadings on file and Defendants' objections, and having made a de novo disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, see Koetting v. Thompson, 995 F.2d 37 (5th Cir. 1993), 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P.72(b), the Court declines to adopt as its own the findings and conclusions of the Magistrate Judge. For the reasons set forth herein, the Court concludes that Plaintiff failed to exhaust his administrative remedies, and therefore GRANTS Defendants' Motion to Dismiss.

**I.    FACTUAL BACKGROUND**

The Magistrate Judge's Memorandum and Recommendation adequately and correctly sets forth the factual background of this case, (D.E. 56 at 1-3) and that detailed background will not be repeated here. In short, Plaintiff alleges that he was brutally attacked by three inmates at the Garza West Transfer Facility in Beeville, Texas on September 19, 2003. As a result of the assault, he suffered injuries that resulted in his hospitalization in Corpus Christi. He was in the ICU for a few days after the attack and was then admitted to the hospital for further testing, therapy and care. He was subsequently transferred to a TDCJ medical facility, and then finally to a prison unit, although he continues to be seen at a hospital for follow-up care. He alleges that he continues to suffer injuries and pain as a result of the attack.

In his lawsuit, which was initiated by a letter he sent to the Clerk of this Court, Plaintiff contends that the remaining Defendants were responsible for supervising or exercising some type of

control over the area where the assault occurred. He alleges that they had a duty to protect him and that instead they acted with deliberate indifference to his safety and health.

It is undisputed that Plaintiff did not file either a Step 1 or Step 2 administrative grievance with the TDCJ. (D.E. 34, Ex. A; D.E. 54). Plaintiff argues, however, that he was physically unable to exhaust and that his failure should therefore be excused.

In their objections, Defendants contend that the Magistrate Judge erred in when he concluded that the action should be stayed to allow Plaintiff to exhaust. They contend that, subsequent to the Supreme Court's decision in Woodford v. Ngo, 548 U.S. ___, 126 S. Ct. 2378 (2006), proper exhaustion is mandatory and there are no exceptions. They further argue that, even if pre-Woodford exceptions survived the decision and remain available, Plaintiff's failure to exhaust fails to satisfy the pre-Woodford exceptions. They point out that Plaintiff never attempted to exhaust before initiating this lawsuit, and contend that his physical and mental condition did not prevent him from filing a grievance, especially after being released from the hospital.

In his reply to Defendants' objections, Plaintiff argues that the objections are untimely and were not properly served on him. He also argues that a stay has been issued, and thus that he should be permitted to attempt to exhaust.[2]  Until he is given such an opportunity, he argues that the motion to dismiss for failure to exhaust is "premature." (D.E. 59 at 2).

## II.   DISCUSSION

### A.   Timeliness of Defendants' Objections

As noted, Plaintiff contends that Defendants' objections to the Magistrate Judge's Memorandum and Recommendation are not timely, and therefore, need not be addressed. Plaintiff's

---

[2] This contention is belied by the record. While the Magistrate Judge *recommended* to the Court that a stay be issued, no stay has in fact been issued.

contention is without merit. The Memorandum and Recommendation was entered on September 6, 2006, and stated:

> Within TEN (10) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections ...

(D.E. 56 at 13); see also Fed. R. Civ. P. 72(b).

Plaintiff appears to be arguing that ten calendar days from September 6, 2006 was September 16, 2006, a Saturday, and thus Defendants were required to file any objections by the following Monday, or by September 18, 2006. (D.E. 59 at 2). Defendants filed their objections, however, on September 20, 2006. Thus, Plaintiff contends the objections were late.

Plaintiff's argument ignores the rules governing the computation of time in civil cases. First, the ten-day period at issue here excludes legal holidays and weekends. Fed. R. Civ. P. 6(a) (if the prescribed period of time is less than 11 days, weekends and legal holidays are excluded). Second, Rule 6(e) directs that 3 days should be added to the end of the ten-day period because the parties here were required to act within a prescribed period after service and service was made under Rule 5(b)(2)(D).[3] Fed. R. Civ. P. 6(e). Additionally, the 2005 Amendments to the Federal Rules of Civil Procedure, effective December 1, 2005, make clear that the additional three days for performing an act after service are added ***to the end of the prescribed period***.[4] Applying the foregoing rules,

---

[3] Rule 5(b)(2)(D) allows service by electronic means, if consented to in writing by the person served.

[4] Prior to this amendment, there was some confusion as to whether, for example, the three days should be added to a ten-day period, thereby making a thirteen-day period, which would not exclude weekends and legal holidays. The amendment makes clear that the ten-day period is calculated first, excluding weekends and holidays, and then three days are added to the end.

Defendants had until September 25, 2006 to file their objections. They were filed on September 20, 2006, and are therefore timely.

### B.    Alleged Failure to Properly Serve Plaintiff

Plaintiff also argues that he was not served with a copy of the Defendants' objections, because counsel never received a copy in the mail. Plaintiff admits, however, that his counsel received notice through the Court's electronic filing notice. As Defendants correctly note, service by electronic means is valid service upon a party who has agreed to receive documents in that fashion. See Fed. R. Civ. P .5(b)(2)(D); Local Rule 5.1, United States District Court for the Southern District of Texas (notice of electronic filing that is automatically generated by the Court's electronic filing system constitutes service of the document). Accordingly, Plaintiff was properly served with the objections.

Having determined that Plaintiff's procedural challenges to the objections are without merit, the Court turns to the substance of the objections.

### C.    Exhaustion

The Magistrate Judge recommended that this action be stayed for 90 days to allow Plaintiff to exhaust his administrative remedies, and that Defendants' motion to dismiss be denied. The Court concludes, however, that a stay is inappropriate in this case. Instead, Plaintiff's complaint must be dismissed because he failed to exhaust available administrative remedies.

Title 42 U.S.C. § 1997e(a) is known as the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"). It provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e).

The Supreme Court recently addressed the provision in Woodford v. Ngo, 126 S. Ct. 2378 (2006), and made clear that the exhaustion requirement requires "proper exhaustion," i.e., "compliance with an agency's deadlines and other critical procedural rules." 126 S. Ct. at 2386, 2387. For example, if a prisoner fails to timely exhaust administrative remedies, he has not properly exhausted, and the federal court may not hear the claim. The Woodford court rejected the argument that the standard it adopted would be unduly harsh for prisoners, noting "the informality and relative simplicity of prison grievance systems" as well as "the fact that prisoners who litigate in federal court generally proceed *pro se* and are forced to comply with numerous unforgiving deadlines and other procedural requirements." Id. at 2393.

In this case, Plaintiff failed to file any grievance with the TDCJ regarding the assault, and it is undisputed that he did not comply with the TDCJ's procedural grievance requirements. The TDCJ grievance system is a two-step procedure. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998) (citing TDCJ Admin. Directive No. AD-03.82 (rev. 1), Policy ¶ IV (Jan. 31, 1997)). After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. Id. In Step 2, the prisoner may submit an appeal to the division grievance investigator with the Institutional Division of TDCJ. Id. After investigating, the departmental grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 2, which may be the director, deputy director, regional director, or assistant director. Id.

The grievance procedure takes approximately 90 days to exhaust. Id. Prisoners are allowed 15 calendar days to file a Step 1 grievance. Id. (citing TDCJ Admin. Directive No. AD-03.82 (rev.1), Policy ¶ VI (Jan. 31, 1997)). The response to the Step 1 grievance is due within forty days after

receipt of the grievance, and the prisoner then has 10 days to submit an appeal.  Id.  The response to the Step 2 grievance is also due within forty days after receipt of the prisoner's appeal.  Id.  If an inmate does not receive a written decision by the 180th day after the grievance is filed, he may proceed with his other state or federal court remedies.  Tex. Gov't Code ¶ 501.008(d)(2).

As noted by the Magistrate Judge, prior to Woodford the Fifth Circuit had noted that the exhaustion requirement was not jurisdictional and was therefore "subject to certain defenses such as waiver, estoppel, or equitable tolling."  Wendell, 162 F.3d at 890; Days v. Johnson, 322 F.3d 863, 866 (citing Wendell).

Woodford did not address the issue of whether these types of defenses remained available.  However, the Court need not determine whether these exceptions survive Woodford, because even under the pre-Woodford standards, Plaintiff has failed to exhaust.  Two cases on this point are particularly instructive.  In the first, Ferrington v. Louisiana Dep't of Corrections, the inmate alleged that he should be excused from exhausting his administrative remedies because he was blind. 315 F.3d 529 (5th Cir. 2002).  The Fifth Circuit concluded that his alleged blindness did not prevent him from filing his lawsuit, appealing a disciplinary hearing or filing other grievances, and thus that his blindness could not have prevented him from exhausting his available remedies.  Id. at 532.

In a second case, however, Days v. Johnson, the Fifth Circuit held that an inmate's hand injury had prevented him from timely filing his grievance and thus that his failure to do so was excusable. 322 F.3d at 867. The Court concluded that he had therefore exhausted the administrative remedies that were personally available to him.  Id.  The Days court, however, noted that its holding was a "limited" one:

> We emphasize that our holding is limited to the narrow facts of this case.  More specifically, administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the

7

>>inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance.

Id. at 868.

The instant case falls somewhere between Ferrington and Days. Unlike in Ferrington, where the Court found that the inmate's medical condition had not prevented him from filing a grievance, it appears that Plaintiff's medical condition here in fact prevented him from filing a Step 1 grievance within the fifteen-day window after the assault. In that respect, his situation is akin to the plaintiff's in Days. There are significant differences, however, between Plaintiff and the plaintiff in Days. The inmate in Days filed an untimely Step 1 grievance prior to filing his § 1983 suit. He did so "once his [injured] hand healed." Days, 322 F.3d at 866. It was deemed untimely and returned to him as unprocessed. Id. He destroyed that grievance form and filed his § 1983 suit. Id. After it was dismissed for failure to exhaust, he filed another grievance based on the same incident, which was again deemed untimely and returned unprocessed. Id.

Unlike the plaintiff in Days, Plaintiff here never filed a grievance prior to initiating his suit, and there is nothing to suggest that his medical condition continued to prevent him from filing his grievance. Even accepting that he could not *timely* file his grievance because of a physical injury, he made no subsequent attempt to exhaust his remedies, other than seeking a copy of the incident report and sending a letter to this Court asking it to assist him in obtaining a copy of the report.[5] Thus, it is not the case that the grievance system rejected any grievance as untimely; rather, he never filed one. Accordingly, he has not satisfied the parameters of the narrow exception set forth in Days. 322 F.3d at 868 ("administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent

---

[5] As Defendants correctly note, Plaintiff did not need to have before him a copy of the incident report in order to file a grievance. He never filed a Step 1 grievance.

8

attempt to exhaust his remedies based on the untimely filing of the grievance.") He failed to exhaust his administrative remedies and his lawsuit must therefore be dismissed.[6]

## III. CONCLUSION

For the foregoing reasons, Defendants' Objections to the Magistrate Judge's Memorandum and Recommendations (D.E. 58) are SUSTAINED and the Court DECLINES TO ADOPT the Magistrate Judge's Memorandum and Recommendation. Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (D.E. 38) is GRANTED, and Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

It is ORDERED this 5th day of November, 2006.

_____
Janis Graham Jack
United States District Judge

---

[6] The analysis utilized by the Court herein was also employed by the Fifth Circuit in the unpublished decision of Parker v. Adjetey, 2004 WL 330866, 89 Fed. Appx. 886 (5th Cir. Feb. 20, 2004) (unpublished). The Parker court held that an inmate who was hospitalized and in a coma during the 15-day period for filing a Step One grievance had failed to exhaust his administrative remedies because he made no attempt to exhaust once he was released from the hospital. The Court distinguished its case from Days: "Unlike the inmate in Days, Parker did not attempt to exhaust the administrative remedies that were personally available to him." Parker, 89 Fed. Appx. at 887-88.